UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT S. SCILAGYI, | ) 1:11-cv—01309-SKO-HC |
| Petitioner, | ) ORDER DEEMING PETITIONER'S ) PETITION FILED ON AUGUST 25, ) 2011, TO BE A SUPPLEMENT TO THE |
| v. | ) INITIALLY FILED PETITION ) |
| B. M. CASH, | ) ORDER EXTENDING RESPONDENT'S TIME ) TO FILE A RESPONSE TO THE |
| Respondent. | ) PETITION TO NO LATER THAN ) NOVEMBER 2, 2011 ) |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C.§ 636(b)(1) and Local Rules 302 and 303. Pending before the Court is a document filed on a petition form by Petitioner on August 25, 2011, which was docketed as a first amended petition for writ of habeas corpus. (Doc. 10.)

I. No Requirement of Leave to Amend

A petition for a writ of habeas corpus may be amended or supplemented as provided in the rules of procedure applicable to civil actions to the extent that the civil rules are not inconsistent with any statutory provisions or the rules governing

1

section 2254 cases.  28 U.S.C. § 2242; Rule 12 of the Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules).  Fed. R. Civ. P. 15(a) may be used to permit the petitioner to amend the petition.  <u>Withrow v. Williams</u>, 507 U.S. 680, 696 n.7 (1993).  Fed. R. Civ. P. 15(a) provides with respect to amendments before trial that a party may amend its pleading once as a matter of course within twenty-one days after service of either the pleading, a required responsive pleading, or a motion under Rule 12(b), (e), or (f), whichever is earlier.  In all other cases, a party may amend its pleading only with the opposing party's written consent or the Court's leave.  Further, the Court should freely give leave when justice so requires.

Because Petitioner's amendment was filed before any response to the petition was filed, Petitioner did not need to obtain leave of court in order to file a first amended petition.

II. <u>Deeming Petitioner's Document to Be a Supplement</u>

In the petition filed on August 8, 2011, Petitioner challenged a conviction suffered in 2010 in the Superior Court of the State of California, County of Tulare, alleging that due to serious mental illness, Petitioner lacked the mental capacity to enter a voluntary plea of guilty or nolo contendere and thus suffered a violation of due process.  Petitioner further contends that his counsel at the trial level rendered ineffective assistance in violation of Petitioner's rights under the Sixth Amendment for failure to 1) give adequate advice concerning the consequences of the plea, including the possibility of a violation of his federal probation; 2) challenge Petitioner's mental capacity, 3) seek review of Petitioner's competence by a

2

mental health professional, 4) recuse the sentencing judge, 5) attempt to obtain a benefit in connection with Petitioner's federal proceedings, and 6) file a notice of appeal.

Petitioner did not entitle the short, seven-page document filed here on August 25, 2011, as a first amended petition; however, it does appear on a petition form, and it is signed and dated by Petitioner. The document does not set forth claims or grounds upon which Petitioner purports to seek relief. It instead appears that the only new information set forth in the document relates to proceedings in federal court.

If a party amends a pleading, the general rule is that the new pleading supersedes the original pleading, so the newly filed pleading must be complete and stand on its own. Absent prior court approval, Local Rule 220 requires that an amended pleading be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint, which no longer serves any function in the case. See <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967). Therefore, in an amended pleading, as in an original pleading, each claim or ground must be sufficiently alleged.

A court has inherent power to control its docket and the disposition of its cases with economy of time and effort for both the court and the parties. <u>Landis v. North American Co.</u>, 299 U.S. 248, 254-255 (1936); <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260 (9th Cir. 1992).

In this case, the Court DEEMS Petitioner's amendment filed on August 25, 2011, to be a supplement to the initially filed petition, and not a free-standing first amended petition in

3

itself. The Court exercises its discretion in this manner to avoid delay and unnecessary multiplicity of proceedings.

Petitioner is INFORMED, however, that additional supplements will not necessarily be so construed, and that Petitioner must comply with Local Rule 2000 with respect to any further amendment of the petition.

### III. Extension of Time to Respond to the Petition

In view of the supplementation of the petition, the Court on its own motion will consider an extension of time for the filing of a response to the petition. Respondent's time to file a response to the petition, which now includes the initially filed petition and the supplement filed on August 25, 2011, is EXTENDED to no later than November 2, 2011.

IT IS SO ORDERED.

**Dated:   September 5, 2011**                     /s/ Sheila K. Oberto
                                                    UNITED STATES MAGISTRATE JUDGE

4